Case No. 25-60439

# IN THE UNITED STATES
# COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

**Terrence Lee Wogan, II; Heather Lee Wilkes,**

**Plaintiffs – Appellees v.**

**April Rose, Ridgeland Police Officer, Official capacity and Individual capacity; Sergeant Hunter Bridges, Ridgeland Police Officer, Official capacity and Individual capacity; K-9 Officer Ben Johnson, Ridgeland Police Officer, Official capacity and Individual capacity,**

**Defendants – Appellants**

---

**On Appeal from the United States District Court of the Southern District of**

**Mississippi, Northern Division**

**Civil Action No. 3:41-CV-431**

---

## BRIEF OF APPELLEES

---

**Terrence Lee Wogan II, Pro se**
**3333 Keating Rd.**
**Pensacola, FL 32504**
**Phone: (504) 535 -4735**
**Email:Twogan341@gmail.com**

**Heather Lee Wilkes, Pro se**
**3333 Keating Rd.**
**Pensacola, FL 32504**
**Phone: (850) 400-3950**
**Email: Hwjets1@gmail.com**

# IN THE UNITED STATES
# COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**Terrence Lee Wogan, II; Heather Lee Wilkes,**

**Plaintiffs – Appellees**

**v.**

**April Rose, Ridgeland Police Officer, Official capacity and Individual capacity; Sergeant Hunter Bridges, Ridge land Police Officer, Official capacity and Individual capacity; K-9 Officer Ben Johnson, Ridgeland Police Officer, Official capacity and Individual capacity,**

**Defendants – Appellants**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned pro se Appellees certify that the following listed persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. Terrence Lee Wogan II – Plaintiff–Appellee (pro se)

2. Heather Lee Wilkes – Plaintiff–Appellee (pro se)

3. Officer April Rose – Defendant–Appellant

4. Sergeant Hunter Bridges – Defendant–Appellant

5. K-9 Officer Ben Johnson – Defendant–Appellant

6. G. Todd Butler – Counsel for Appellants

7. Sonya C. Dickson – Counsel for Appellants

8. Phelps Dunbar LLP – Counsel's law firm for Appellants

9. City of Ridgeland, Mississippi – Dismissed Defendant

10. Mississippi Municipal Liability Plan – Insurer/indemnitor

11. Hon. Tom S. Lee – U.S. District Judge, Southern District of Mississippi. Appellees are not aware of any other persons or entity with a financial interest in this appeal.

Respectfully submitted this 16th day of November 2025.

*/s/ Terrence Lee Wogan*
Terrence Lee Wogan II
3333 Keating Rd.
Pensacola, FL 32504
Phone: (504) 535-4735
Email: Twogan341@gmail.com

*/s/ Heather Lee Wilkes*
Heather Lee Wilkes
3333 Keating Rd.
Pensacola, FL 32504
Phone: (850) 535-4735
Email: Hwjets1@gmail.com

Pro se , Plaintiffs

# ORAL ARGUMENT

Appellees do not request oral argument. The issues presented are fully resolved by the Record and the parties' written submissions, and oral argument would not aid the Court's decisional process.

# TABLE OF CONTENTS

ORAL ARGUMENT ...........................................................................................4

TABLE OF CONTENTS....................................................................................4

CASES ...............................................................................................................5

STATUTES .........................................................................................................6

RULES................................................................................................................7

JURISDICTIONAL STATEMENT ...................................................................7

District Court Jurisdiction ......................................................................7

Court of Appeals Jurisdiction.................................................................7

Final Order Status....................................................................................9

The Collateral Order Doctrine does not Confer Jurisdiction ..............10

STATEMENT OF FACTS ...............................................................................11

Start of Illegal Detention .....................................................................12

Dog Sniff occurred at the Thirty-Six Minute Mark ............................12

Johnsons' Admission / Eight Minutes into Search...............................13

Arrest ....................................................................................................13

DEFENDANTS DISTORTION OF EVENTS.................................................13

PROCEDURAL BACKGROUND...................................................................15

ARGUMENT I – THIS COURTS JURISDICTION.........................................16

4

ARGUMENT II – BLANKET QUALIFIED IMMUNITY ....................................17

ARGUMENT III – "ARGUABLE PROBABLE CAUSE THEORY" ...................18

ARGUMENT IV – PROPER DENIAL OF QUALIFIED IMMUNITY ...............19

CONCLUSION....................................................................................21

CERTIFICATE OF SERVICE ...............................................................23

CERTIFICATE OF COMPLIANCE ........................................................24

## CASES

*Anderson v. Creighton,*
  *483 U.S. 635, 641 (1987)* .......................................................16

*Anderson v. Valdez*
  *845 F.3d 580, 589 (5th Cir. 2016).* .........................................18

*Brown v. City of Houston,*
  *297 F.3d 385, 391–93 (5th Cir. 2002)* .....................................19

*Cohen v. Beneficial Indus. Loan Corp.,* .......................................9

*Cole v. Carson,*
  *935 F.3d 444, 452 (5th Cir. 2019)* ..............................................7

*Glenn v. City of Tyler,*
  *242 F.3d 307, 313 (5th Cir. 2001)* ...........................................19

*Goodson v. City of Corpus Christi*
  *202 F.3d 730, 740–42 (5th Cir. 2000)* .....................................19

*Hinojosa v. Livingston,*
  *807 F.3d 657, 669 (5th Cir. 2015)* ..............................................7
*Johnson v. Jones,*
  *515 U.S. 304 (1995)* .............................................................9, 15

*Johnson v. Jones,*
  *515 U.S. 304, 319–20 (1995)* ..................................................................7

*Joseph v. Bartlett,*
  *981 F.3d 319, 334–36 (5th Cir. 2020)* ..................................................19

*Lopez v. City of Houston,*
  *617 F.3d 336, 343–45 (5th Cir. 2010)* ..................................................19

*Mitchell v Forsyth,*
  *472 U.S. 511 (1985)* ..............................................................................7

*Morin v. Caire,*
  *77 F.3d 116, 120 (5th Cir. 1996)* ...........................................................7

*Rodriguez v. United States,*
  *575 U.S. 348 (2015)* ..................................................................... 13, 14

*Rodriguez v. United States,*
  *575 U.S. 348, 356–57 (2015)* ...............................................................19

## STATUTES

*28 U.S.C. § 1291* ..........................................................................6 , 8, 15

*28 U.S.C. § 1331 and 1343(a)(3)* ...............................................................6

*42 U.S.C. § 1983* ..................................................................................6, 13

*Miss. Code § 41-29-139* .........................................................................12

RULES

*32(a)(7)(B)*

.............................................................................................22 *Fed. R.*

*App. P.* ...........................................................................22

*Fed. R. App. P. 32(a)(5)–(6)* ....................................................................22

Rule                                                                    12(b)(6)

.............................................................................................6 *Rule 32(a)*

.............................................................................................22 *Rule 32.1*

.............................................................................................22

## JURISDICTIONAL STATEMENT

### District Court Jurisdiction

Plaintiff's brought this pro se civil rights under *42 U.S.C. § 1983*, alleging multiple violations of the Fourth Amendment. The district court exercised subject-matter jurisdiction pursuant to *28 U.S.C. § 1331 and 1343(a)(3)*, as the claims arise under federal law and seek redress for constitutional violations by persons acting under color of state law.

### Court of Appeals Jurisdiction

Defendants invoke **28 U.S.C. § 1291**, seeking interlocutory review of the district court's denial of their **Rule 12(b)(6)** motion to dismiss based on what the defense

claims as a denial of qualified immunity. That statue confers jurisdiction only over "*final decisions´* or qualified immunity denials turning on pure questions of law.

**Mitchell v Forsyth, 472 U.S. 511 (1985).**

The order in question (ROA. 594,595) arose at the pleading stage, where all well-pleaded allegations must be accepted as true. At this stage, factual record does not exist to support an interlocutory appeal. The Fifth Circuit has repeatedly held that the denial of qualified immunity on a motion to dismiss cannot be immediately appealable because they do not present pure legal issues detached from disputed facts. **Hinojosa v. Livingston, 807 F.3d 657, 669 (5th Cir. 2015)**; **Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996)**.

Even if this was a summary-judgment-type appeal, jurisdiction still fails under **Johnson v. Jones, 515 U.S. 304, 319–20 (1995)**, because the district court's ruling turned on unresolved factual disputes, including but not limited to:

- When a consensual encounter escalated into a seizure;

- Whether an empty bottle satisfied the ordinance's "*open container*" element;

- Whether the officers possessed reasonable suspicion or probable cause to prolong the detention.

These are quintessentially fact-bound determinations that preclude interlocutory review. **Cole v. Carson, 935 F.3d 444, 452 (5th Cir. 2019)**. Because the order is

neither final nor based on a pure question of law, this Court lacks jurisdiction, and the appeal must be dismissed.

## Final Order Status

The order now on appeal (ROA.594-595) does not decide or alter any qualifiedimmunity rule. The district court had already denied qualified immunity in its earlier

Order.(ROA.479-521) In the subsequent order, the court merely stated that the Defendants' renewed arguments were not persuasive,(ROA.594) thereby reaffirming its prior reasoning. That prior order remains undisturbed, which continues to control the litigation unless modified by the district court or reversed through a proper, timely appeal.

Because the appealed order was only addressing previous and repackaged arguments from the previous Motion for Judgement (ROA. 344-349) and neither changed the prior ruling nor resolved any remaining claims, it is not a "*final decision*" under *28 U.S.C. § 1291* and does not qualify for interlocutory review under the collateralorder doctrine. The Defendants, fully aware of this settled framework, nonetheless filed an appeal that does not raise a new or appealable issue and serves only to delay the proceedings. Accordingly, this Court lacks jurisdiction, and the appeal should be dismissed.

## The Collateral Order Doctrine does not Confer Jurisdiction

Appellants' reliance on the collateral order doctrine is unfounded and jurisdictionally defective. The doctrine, first articulated in *Cohen v. Beneficial Indus. Loan Corp.,337 U.S. 541 (1949)* [1], permits immediate appeal only in the rarest of circumstances: where an order conclusively resolves an important issue that is completely separate from the merits of the case and is effectively unreviewable on appeal from a final judgment. But where, as here, the appeal concerns factual determinations--such as whether arguable probable cause exists-- it falls squarely outside the scope of *Cohen*. In *Johnson v. Jones, 515 U.S. 304 (1995)*, the Supreme Court explicitly held that appeals based on disputed facts surrounding qualified immunity are not subject to interlocutory review.

The district court already found that there was no arguable probable cause supporting the initial seizure or continued detention. That finding is inherently factual and can be fully reviewed after final judgment. There is no irreparable harm or extinguished right that would justify review now. Simply put, the collateral order doctrine does not grant parties a license to repackage factual disputes as legal questions. Because

---

[1] **Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949):**
"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

this appeal presents no pure legal issue and offers nothing that would escape review at the close of trial, it must be dismissed for lack of appellate jurisdiction.

## STATEMENT OF FACTS

On July 26, 2021, at approximately 2:38 a.m., Officer April Rose encountered a lawfully parked vehicle in a public lot at the Renaissance Mall in Ridgeland, Mississippi. (ROA.12,19,72) The occupants, Terrence Wogan and Heather Wilkes, had parked at 11:58 p.m.—nearly three hours earlier—and were asleep.

Officer Rose approached, identified herself and immediately requested their identification. (ROA. 12,19,72) While Wogan and Wilkes were retrieving their IDs, Rose shined her flashlight through the back window and observed an empty miniature Fireball Whiskey bottle lying on the back seat.[2] The bottle contained no liquid, emitted no odor of alcohol, and neither occupant showed any sign of impairment. Both denied drinking, and no traffic or criminal violation was observed.

---

[2] It is not unlawful in Ridgeland or under Mississippi law to sleep in a parked vehicle. Because Officer Rose did not observe any traffic or criminal violations before initiating contact, any justification for the encounter would have to arise under the community-caretaking function. That doctrine, however, applies only to actions "totally divorced from the detection, investigation, or acquisition of evidence," *Cady v. Dombrowski, 413 U.S. 433, 441 (1973),* and cannot support questioning, demands for identification, or flashlight searches once investigatory intent arises. Accordingly, the officer's conduct was per se unreasonable under the Fourth Amendment.

## Start of Illegal Detention

About seven minutes into the detention, Officer Rose was informed that the identification checks were clear.(ROA.73) Despite this, she continued to detain the occupants and began unrelated questioning about weapons, heroin, cocaine, marijuana, and other illegal items. (ROA 44-78, 73-74) Sergeant Hunter Bridges arrived shortly thereafter and repeated the same line of questioning. (ROA 44-48, 73) For the next thirty-plus minutes, both Plaintiffs remained detained without any articulable suspicion or probable cause, and the officers never attempted to verify whether Wilkes could lawfully drive away.(ROA. 73-85)

During a phone call to K-9 Officer Ben Johnson, Bridges stated, "*If you don't wanna come out, we'll let them go,*" (ROA. 44,78) to which Johnson replied he was on his way.

## Dog Sniff occurred at the Thirty-Six Minute Mark

At approximately the thirty-six minute mark, Johnson arrived with his K-9.(ROA 118,278,340) Wogan expressly stated that he did not consent to any dog walk. The dog sniff—barely visible on one dash camera and with Johnson's microphone never activated—lasted roughly nine seconds, after which Johnson claimed the dog "*alerted.*" Immediately thereafter, the officers searched the vehicle, leaving it disheveled and damaged.

### Johnsons' Admission / Eight Minutes into Search

About eight minutes into the search, Johnson remarked to Bridges, "***I thought you guys were going to find something, so make sure she doesn't get searched***." Bridges asked, "***You don't want her searched***?" and Johnson replied, "***No***." (ROA. 27,86)

The search produced only a clean metal one-hitter pipe and dugout found in Wilkes's purse. Both items contained no usable or testable residue, and no narcotics were found anywhere in the car. The bottle in question was left in the car on the backseat floorboard.

### Arrest

After approximately fifty minutes, Wilkes was arrested for alleged possession of drug paraphernalia under ***Miss. Code § 41-29-139***, while Wogan was released without citation.

### DEFENDANTS DISTORTION OF EVENTS

For reasons unknown and that one can only speculate, the Defendants elected to recast the chronology of events to manufacture the appearance of a brief, orderly escalation culminating in probable cause. Their brief inverts the sequence,

suggesting that Wilkes was arrested before Officer Johnson's K-9 walk-around, implying a confirmatory search rather than the actual timeline.(Appellants Bf. 10)[3].

The record conclusively contradicts that portrayal. Johnson did not arrive until approximately thirty-six minutes into the encounter,(ROA. 25,46,76) well after any lawful basis for detention had lapsed. The K-9 sniff occurred before any vehicle search, and Wilkes's arrest was at approx. 3:59 a.m. [ROA. 120]

This inversion is not a harmless mistake. It attempts to retrofit legality onto a seizure that had already exceeded constitutional bounds. Under ***Rodriguez v. United States, 575 U.S. 348 (2015)***, officers may not prolong a stop beyond its mission absent new, independent suspicion. No such suspicion arose here.

Accordingly, the Defendants' version is factually inaccurate, legally irrelevant, and insufficient to create appellate jurisdiction or disturb the district court's wellreasoned denial of qualified immunity.

It is also notable that counsel's repeated use of dismissive phrasing such as *"shotgun complaint"* serves no analytical purpose.(Appellant's Bf. 11) Such rhetoric mirrors the same disregard for measured conduct reflected in the underlying encounter and cannot alter the clear constitutional violations established in the record.

---

[3] Appellants state, "The encounter continued for some 'thirty to forty minutes' before Wilkes was arrested for possession of drug paraphernalia. Officer Johnson conducted a dog sniff, and a group of officers searched the vehicle." (Appellants' Br. 10.)

# PROCEDURAL BACKGROUND

In July 2024, Plaintiffs Terrence Wogan and Heather Wilkes filed this pro se civilrights action under *42 U.S.C. § 1983* against the City of Ridgeland and three of its officers—April Rose, Hunter Bridges, and Ben Johnson—alleging violations of the Fourth Amendment arising from an unlawful detention, prolonged stop, and warrantless search.

All defendants moved to dismiss the claims in full, asserting a blanket qualifiedimmunity defense. (ROA.333-369). On May 16, 2025, the district court issued a 43page Memorandum Opinion and Order (ROA.479-521) dismissing certain claims but denying qualified immunity to Rose and Bridges on Count II (unlawful seizure) and to all three officers on Count V (unreasonable search)[4]. The court held that Plaintiffs' allegations—if proven—would establish that Rose and Bridges prolonged the stop without reasonable suspicion and that Johnson's K-9 search was unlawful under *Rodriguez v. United States, 575 U.S. 348 (2015)*, and related precedent. (ROA.495-505, 521).

---

[4] In the body of District court's ruling on Motion for Judgement states "***plaintiffs' allegations that Rose and Bridges illegally detained them prior to the dog's purported alert and prolonged their detention for the specific purpose of conducting a dog sniff are sufficient to state a claim that the search was illegal and to overcome Rose's and Bridges' qualified immunity for the allegedly illegal search.***" (ROA. 508)

The officers later filed a second dispositive motion in July 2025, styled as a motion to dismiss (ROA.532-543), repeating the same arguments previously rejected. On August 12, 2025, the district court entered a two-page order (ROA.594-595) again denying relief, explaining that the Ridgeland open-container ordinance could not create probable cause where the bottle was empty and no evidence of consumption existed. That order did not revisit or alter the prior qualified-immunity ruling, which remained in effect.

The Defendants nevertheless filed a notice of appeal on August 13, 2025 (ROA.596598), identifying only the August 12 order. Because the May 16 order had already resolved qualified immunity and the later order did not modify that ruling, this appeal seeks interlocutory review of fact-dependent determinations outside the scope of *28 U.S.C. § 1291*.

## ARGUMENT I – THIS COURTS JURISDICTION

**Standard of Review:** Whether appellate jurisdiction exists under *28 U.S.C. § 1291* is a legal question reviewed de novo.

**Statement of Argument:** This appeal must be dismissed for lack of jurisdiction because the district court's August 12, 2025 order (ROA.594–595) did not resolve a new legal issue. It merely reaffirmed the court's prior May 16 denial of qualified immunity (ROA.479–521), which was based on unresolved factual disputes. Under

***Johnson v. Jones, 515 U.S. 304 (1995)***, denials of qualified immunity based on disputed facts are not immediately appealable.

**Analysis:** The May 16 ruling (ROA.495) held that material facts—including whether the seizure was justified and whether any ordinance violation occurred— remained in dispute. The August 12 order simply restated that ruling (ROA.594– 595), without altering its substance. Defendants cannot create appellate jurisdiction by repacking a reaffirmation of a prior ruling. Under Johnson and its Fifth Circuit progeny, jurisdiction is unavailable when the record shows that credibility determinations, disputed timelines, and contested evidentiary inferences must be resolved by a jury.

## ARGUMENT II – BLANKET QUALIFIED IMMUNITY

**Standard of Review:** Whether a defendant is entitled to qualified immunity is reviewed de novo. Each officer's conduct must be assessed individually. See ***Anderson v. Creighton, 483 U.S. 635, 641 (1987)***.

**Statement of the Argument:** Qualified immunity is a personal defense that must be evaluated separately for each defendant. The district court correctly conducted that individualized analysis (ROA.494–497). Defendants' appeal ignores this requirement by asserting a collective defense, which is inconsistent with controlling Fifth Circuit precedent.

**Analysis:** The record distinguishes the roles of each officer: Officer Rose initiated and prolonged the stop (ROA.486), Officer Bridges ordered the continued detention and K-9 search (ROA.487), and Officer Johnson conducted the dog sniff (ROA.487). The district court acknowledged those distinctions and evaluated each action independently (ROA.494–497). Defendants' brief, however, treats all three as interchangeable and asserts qualified immunity en masse. This approach directly conflicts with *Meadours v. Ermel, 483 F.3d 417, 422 (5th Cir. 2007)*, which mandates separate evaluations for each officer. The district court's tailored analysis was legally sound. The blanket approach urged on appeal is improper.

## ARGUMENT III – "ARGUABLE PROBABLE CAUSE THEORY"

**Standard of Review:** Whether appellate jurisdiction exists over a denial of qualified immunity is reviewed de novo. However, appellate courts may not review fact-based determinations.

**Statement of the Argument:** Defendants argue that *"arguable probable cause"* supports qualified immunity. That theory, however, depends on disputed facts—such as whether the bottle contained alcohol, whether the ordinance applied, and when the seizure occurred (ROA.486–495). These disputes preclude jurisdiction under *Johnson v. Jones.*

**Analysis:** The district court found that the bottle was empty and had no odor or residue, and that no citation was issued under the ordinance (ROA.495 n.3; ROA.486–487). The court further found that the timing and purpose of the detention remained factually contested (ROA.493). Defendants argue that officers could have reasonably believed an ordinance violation occurred, but that contention cannot be resolved without accepting one party's version of disputed facts. Johnson bars appellate courts from reviewing such determinations. See ***Johnson v. Jones, 515 U.S. at 319–20***. Defendants are not asking for review of legal doctrine—they are asking the Court to adopt their version of the facts, which is impermissible.

## ARGUMENT IV – PROPER DENIAL OF QUALIFIED IMMUNITY

**Standard of Review:** The denial of qualified immunity is reviewed de novo. The court accepts well-pleaded allegations as true and views them in the light most favorable to the plaintiffs. See ***Anderson v. Valdez, 845 F.3d 580, 589 (5th Cir. 2016).***

**Statement of the Argument:** Even if this Court had jurisdiction, the district court correctly denied qualified immunity. The Ridgeland ordinance does not criminalize possession of an empty bottle (ROA.495). The prolonged detention—lasting nearly 80 minutes after ID clearance—violated well-established law prohibiting delays without new suspicion (ROA.490–493). The court relied on six controlling

precedents and thirteen others to find that the officers knew or should have known their conduct was unlawful (ROA.495–521).

**Analysis:** The ordinance requires possession of a container "*containing*" an alcoholic beverage (ROA.495). The district court found that the bottle was empty, had no smell, and was not retained as evidence (ROA.495 n.3). Despite this, Defendants continued to detain Plaintiffs for over an hour (ROA.490–493). This prolonged detention, unsupported by additional suspicion, violates long-established constitutional law.

**The court relied on:**

- ***Rodriguez v. United States, 575 U.S. 348, 356–57 (2015)***

- ***Goodson v. City of Corpus Christi, 202 F.3d 730, 740–42 (5th Cir. 2000)***

- ***Brown v. City of Houston, 297 F.3d 385, 391–93 (5th Cir. 2002)***

- ***Lopez v. City of Houston, 617 F.3d 336, 343–45 (5th Cir. 2010)***

- ***Joseph v. Bartlett, 981 F.3d 319, 334–36 (5th Cir. 2020)***

- ***Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001)***

These authorities confirm that an extended detention without renewed suspicion is unconstitutional. The officers' conduct mirrors what these cases prohibit. The district

court's reasoning was thorough and legally accurate. Qualified immunity does not apply.

## CONCLUSION

In closing, while courts rightfully extend deference to zealous advocacy, that deference must end where deliberate distortion begins. The defendants have abandoned the mooring of legal reasoning and have instead drifted into the realm of fiction, weaving a narrative stitched with conjecture, omission, and tactical misdirection. They do not merely contest facts; they recast them into an alternate version of events so contorted it could pass for creative writing. That they do so repeatedly, in brief after brief, is not advocacy; it is erosion. It erodes the integrity of the judicial process and the protections, the Constitution affords all persons equally. This Court, as the last guardrail before trial, should not permit the quiet normalization of such tactics. Whether born of indifference or calculation, this pattern undermines the principles of candor, fairness, and the rule of law. For the reasons stated, the appeal should be dismissed for lack of jurisdiction or, alternatively, the district court's denial of qualified immunity should be affirmed. The record and precedent leave no room for a different result, and the conduct displayed in this appeal warrants the Court's careful scrutiny.


Respectfully submitted this 16h day of November 2025,

***/s/ Terrence Lee Wogan II***

Terrence L. Wogan II 3333
Keating Rd. Pensacola, FL
32504
Phone: (504) 535-4735
Email: Twogan341@gmail.com




***/s/ Heather Lee Wilkes*** Heather
Lee Wilkes
3333 Keating Rd. Pensacola,
FL 32504
Phone: (850) 400-3950
Email: Hwjets1@gmail.com


Pro se Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I, Terrence Lee Wogan II, hereby certify that a true and correct copy has been sent to

Defense Counsel—listed below-- by means of Electronic Mail to the following:


G. Todd Butler
Sonya C. Dickson
PHELPS DUNBAR LLP
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: (601) 352-2300
Email: butlert@phelps.com
Email: sonya.dickson@phelps.com

Respectfully Submitted and executed this 16th day of November 2025,

*<u>/s/ Terrence Lee Wogan II</u>*
Terrence L. Wogan II 3333
Keating Rd. Pensacola, FL
32504
Phone: (504) 535-4735
Email: Twogan341@gmail.com

Pro se Plaintiff

# CERTIFICATE OF COMPLIANCE

Pursuant to **Rule 32(a)** of the Federal Rules of Appellate Procedure and Fifth Circuit **Rule 32.1**, I certify that:

1.      This brief complies with the type-volume limitation of **Fed. R. App. P. 32(a)(7)(B)** because it contains 3,971 words, not excluding the parts of the brief exempted by Rule 32(f).

2.      This brief complies with the typeface and type-style requirements of **Fed. R. App. P. 32(a)(5)–(6)** because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font for the body and 12-point font for footnotes.

3.      This brief complies with Fifth Circuit Rule 32.1 because it does not exceed 13,000 words or 30 pages and meets all formatting and font requirements, including footnote size.

Respectfully submitted this 16th day of November 2025,

**_/s/ Terrence Lee Wogan II_**
Terrence L. Wogan II 3333
Keating Rd. Pensacola, FL
32504
Phone: (504) 535-4735
Email: Twogan341@gmail.com

**_/s/ Heather Lee Wilkes_**  Heather Lee Wilkes

3333 Keating Rd. Pensacola, FL 32504

Phone: (850) 400-3950

Email: Hwjets1@gmail.com


Pro se   Plaintiffs