No. 25-60439

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**Terrence Lee Wogan, II; Heather Lee Wilkes,**

Plaintiffs - Appellees

**VERSUS**

**April Rose, Ridgeland Police Officer, Official capacity and Individual capacity; Sergeant Hunter Bridges, Ridgeland Police Officer, Official capacity and Individual capacity; K-9 Officer Ben Johnson, Ridgeland Police Officer, Official capacity and Individual capacity,**

Defendants - Appellants

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION
CIVIL ACTION NO. 3:24-CV-431-TSL-RPM

**REPLY BRIEF OF APPELLANTS**

G. Todd Butler (MS Bar No. 102907)
Sonya C. Dickson (MS Bar No. 106284)
PHELPS DUNBAR LLP
1905 Community Bank Way | Suite 200
Flowood, Mississippi 39232
Telephone: (601) 352-2300
Email: butlert@phelps.com
      sonya.dickson@phelps.com

**ATTORNEYS FOR APPELLANTS
APRIL ROSE, HUNTER BRIDGES,
AND BEN JOHNSON**

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

REPLY ARGUMENT ........................................................................................ 1

    I.      The QI Denial Is Immediately Appealable. .................................... 1

    II.     Appellees Ignore Their QI Burden and the Absence of Clearly Established Law. ................................................................. 3

    III.   Appellees Misstate the Standard: Arguable Probable Cause Is Sufficient. ..................................................................... 6

CONCLUSION ................................................................................................... 8

CERTIFICATE OF SERVICE ........................................................................ 10

CERTIFICATE OF COMPLIANCE ............................................................... 11

# TABLE OF AUTHORITIES

*Babinski v. Sosnowsky*,
　79 F.4th 515 (5th Cir. 2023) .................................................................................3

*Bustillos v. El Paso Cnty. Hosp. Dist.*,
　891 F.3d 214 (5th Cir. 2018) .................................................................................3

*Cole v. Carson*,
　802 F.3d 752 (5th Cir. 2015) .................................................................................7

*Branch v. Gorman*,
　742 F.3d 1069 (8th Cir. 2014) ................................................................. 3, 4, 5, 7

*Devenpeck v. Alford*,
　543 U.S. 146 (2004) ..............................................................................................8

*Harris v. Clay County*,
　47 F.4th 271 (5th Cir. 2022) ..................................................................................2

*Henderson v. Harris County*,
　51 F.4th 125 (5th Cir. 2022) ..................................................................................3

*Johnson v. Jones*,
　515 U.S. 304 (1995) ..............................................................................................2

*Mitchell v. Forsyth*,
　472 U.S. 511 (1985) ..............................................................................................1

*Morrow v. Meachum*,
　917 F.3d 870 (5th Cir. 2019) .................................................................................3

*Rodriguez v. United States*
　575 U.S. 348 (2015) ..............................................................................................4

*Sam v. Richard*,
　887 F.3d 710 (5th Cir. 2018) .................................................................................8

*Samples v. Vadzemnieks*,
　900 F.3d 655 (5th Cir. 2018) .................................................................................2

*Terrell v. Allgrunn*,
　114 F.4th 428 (5th Cir. 2024) ................................................................................6

*Tracy v. Lumpkin*,
 43 F.4th 473 (5th Cir. 2022)..........................................................................1

*Turner v. Lieutenant Driver*,
 848 F.3d 678 (5th Cir. 2017)..........................................................................4

*United States v. Del Angel*,
 2022 WL 1549479 (5th Cir. May 17, 2022).........................................................5

*United States v. Levine*,
 80 F.3d 129 (5th Cir. 1996)............................................................................6

*United States v. Lopez-Moreno*,
 420 F.3d 420 (5th Cir. 2005)..........................................................................5

*United States v. Perkins*,
 2024 WL 3375541 (5th Cir. July 11, 2024)........................................................5

*United States v. Potts*,
 459 F. App'x 455 (5th Cir. 2012)....................................................................7

*United States v. Rodriguez*,
 802 F. App'x 90 (5th Cir. 2020)......................................................................5

*United States v. Walker*,
 49 F.4th 903 (5th Cir. 2022)..........................................................................5

*Voss v. Goode*,
 954 F.3d 234 (5th Cir. 2020)..........................................................................7

*Walton v. City of Verona*,
 82 F.4th 314 (5th Cir. 2023).......................................................................1, 2

*Will v. Hallock*,
 546 U.S. 345 (2006) ......................................................................................1

## REPLY ARGUMENT

Appellees' opposition misstates the law governing QI appeals, disregards their burden to identify clearly established law, and fails to rebut the existence of probable cause or "arguable" probable cause under the facts presented. These are purely legal determinations based on undisputed facts displayed through video evidence. This case presents a textbook scenario for QI that requires reversal.

### I. The QI Denial Is Immediately Appealable.

Appellees incorrectly assert that this Court lacks jurisdiction to review an interlocutory denial of QI. The Supreme Court and this Circuit repeatedly hold that such denials are immediately appealable under the collateral order doctrine, particularly where the appeal turns on the application of law to undisputed facts. *Tracy v. Lumpkin*, 43 F.4th 473, 475 (5th Cir. 2022) (quoting *Will v. Hallock*, 546 U.S. 345, 347 (2006)); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (applying collateral-order doctrine to QI denials). Significantly, immunity is not merely immunity from liability, but from suit itself, and interlocutory review is essential to protect public officials from the burdens of unwarranted litigation.

Appellees posit the same argument this Court rejected in *Walton v. City of Verona*, 82 F.4th 314 (5th Cir. 2023). Like Appellees, the *Walton* plaintiffs argued that this Court "lack[ed] jurisdiction to consider the City's appeal because the district court's immunity ruling hinged on a genuine dispute of material fact." *Id.* at 320.

1

But the Court explained that such an argument misunderstood the Court's "role on interlocutory review." *Id.* While appellate courts do not review a district court's determination that a genuine factual dispute exists, circuits *do* "review whether those factual disputes, viewed in the light most favorable to the plaintiff, are *material* to the application of immunity." *Id.* (cleaned up) (emphasis in original) (quoting *Harris v. Clay County*, 47 F.4th 271, 275 (5th Cir. 2022)); *see also Samples v. Vadzemnieks*, 900 F.3d 655, 660 (5th Cir. 2018). As this Court held in *Walton*, it has jurisdiction in this case to determine at this interlocutory stage whether Appellants have "immunity despite the [alleged] factual disputes in the record." *Walton*, 82 F.4th at 320.

Appellees' reliance on *Johnson v. Jones* is misplaced. 515 U.S. 304 (1995). *Johnson* did not squarely address the legal application of QI. The ruling on review addressed "only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial." *Id.* at 313. The Supreme Court clarified that the "qualified immunity" nature of the case was ancillary to the judgment at issue on appeal. *Id.* The district court's ruling in this case, on the contrary, addressed whether the alleged "factual disputes, viewed in the light most favorable to the plaintiff, were '*material* to the application of immunity.'" *Walton*, 82 F.4th at 320 (emphasis in original) (quoting *Harris*, 47 F.4th at 275). This Court's appellate jurisdiction remains undisturbed.

2

## II. Appellees Ignore Their QI Burden and the Absence of Clearly Established Law.

Appellees fail to engage with the core QI analysis. As this Court and others have emphasized, once a defendant raises QI, the burden shifts to the plaintiff to identify a case where an officer, acting under similar circumstances, was held to have violated clearly established law. *See Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018) ("Appellant has not carried her burden of pointing this panel to any case that shows, in light of the specific context of this case, that the Doctors' or Nurses' conduct violated clearly established law."); *Babinski v. Sosnowsky*, 79 F.4th 515, 523 (5th Cir. 2023) ("Absent an appropriately analogous case of greater specificity, we cannot uphold the district court's denial of qualified immunity."). Appellees did not overcome their "heavy" burden of defeating Appellants' QI to the individual capacity claims, particularly given that the hurdle was "even higher" because Appellees brought Fourth Amendment claims. *See Henderson v. Harris County*, 51 F.4th 125, 132 (5th Cir. 2022); *see also Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).

Appellees do not cite any case holding that the presence of an empty bottle in a vehicle is insufficient to create arguable probable cause for an open container violation, nor do they identify any precedent clearly establishing that continued detention under these circumstances violates the Fourth Amendment. *Contra Branch v. Gorman*, 742 F.3d 1069, 1073 (8th Cir. 2014) (explaining that "[c]ourts routinely

find probable cause under open container laws when police officers observe empty bottles in vehicles"). Thus, in the absence of any supporting precedent from Appellees, and in light of persuasive authority to the contrary, Appellants' entitlement to QI is clear.

The district court and Appellees relied on general principles from *Rodriguez v. United States*, 575 U.S. 348 (2015), and its progeny to deny QI. Blue Br. at pp. 19–20. But none of those cases address the specific question presented here: whether an open and empty liquor bottle in a car provides at least arguable probable cause sufficient to defeat a *Rodriguez*-based claim and entitle officers to QI. In fact, courts—including the Eighth Circuit in *Branch*—have held exactly the opposite. *Branch* held that probable cause exists under open container laws when officers observe empty bottles in vehicles. 742 F.3d at 1073. As Appellants explained in their opening brief, probable cause to continue detention existed here based on the open container.

At the minimum, there was *arguable* probable cause to continue detention. And there certainly is no caselaw that has held otherwise. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 686 (5th Cir. 2017) ("[W]hen the federal circuit courts are split on the issue, the law cannot be said to be clearly established[.]"). Because Appellants found the open liquor bottle within a reasonable duration of the initial stop, any *Rodriguez* claim dissipated once the officers found probable cause that a

PD.56454492.1

separate offense was occurring or occurred. *United States v. Del Angel*, 2022 WL 1549479, at *3 (5th Cir. May 17, 2022) (holding *Rodriguez* not implicated because officer learned new information during traffic stop that "itself provided independent probable cause to detain her for longer, and even to arrest her"); *United States v. Perkins*, 2024 WL 3375541, at *2 (5th Cir. July 11, 2024) (rejecting *Rodriguez* prolonged stop claim because rangers developed "probable cause to extend the stop"); *United States v. Walker*, 49 F.4th 903, 907 (5th Cir. 2022) ("Reasonable suspicion is a low threshold; it is not probable cause."); *United States v. Rodriguez*, 802 F. App'x 90, 93 (5th Cir. 2020) (holding "reasonable suspicion" to support prolonged suspicion "need not rise to the level of probable cause" (quoting *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005)).

Appellees' failure to meet their burden is fatal. The absence of controlling authority on point means, at minimum, the law was not clearly established, and QI must be granted. But this Court should go further and hold, for the reasons stated in Appellants' opening brief, that an open container provides probable cause that a violation is occurring or recently occurred. "Even if" an officer "knew the [open container] was empty," the continued detention "was not unlawful because a reasonable officer could have concluded [Appellees] violated the law and had recently finished consuming the alcohol based on the [open container's] proximity" to Appellees. *Branch*, 742 F.3d at 1073.

5

## III. Appellees Misstate the Standard: Arguable Probable Cause Is Sufficient.

Appellees argue only that there was no actual probable cause, ignoring that QI requires only "arguable" probable cause—a lower threshold. The question is not whether the officers were ultimately correct or whether there was a fact dispute as to the contents of the liquor bottle. Instead, this case turns on whether a reasonable officer *could* have believed that the facts supported a violation of the open container ordinance. In this case, the facts within Officer Rose's knowledge were "sufficient for a reasonable person to conclude that the suspect *had committed or was committing an offense*." *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996) (emphasis added).

QI is warranted because there was at least "arguable probable cause" for continued detention—that is, "a reasonable officer *could* have concluded that there was probable cause upon the facts then available to him." *Terrell v. Allgrunn*, 114 F.4th 428, 435 (5th Cir. 2024) (citation omitted). Here, it is undisputed that the officers observed an open, empty whiskey bottle in the back seat of a vehicle parked in a parking lot late at night, and one of the Appellees admitted he "had just pulled off the interstate" because he was "starting to fall asleep." ROA.485. The ordinance prohibits "the driver and/or passenger of a motor vehicle, or any person located on property which is municipally owned," to possess an open container. Blue Brief at pp. 8–9. Even if the bottle was empty, it was objectively reasonable for officers to

6

suspect a violation had occurred or was occurring.[1] *See id.*; *see also Branch*, 742 F.3d at 1073. The existence of at least arguable probable cause is supported by case law from other circuits and by the absence of any controlling authority to the contrary.

Appellees fail to address the officers' reasonable suspicion that a crime had recently been committed. The presence of the empty bottle, the time of night, and the circumstances of the stop provided at least arguable probable cause to continue detaining Appellees. *See Cole v. Carson*, 802 F.3d 752, 765 n.60 (5th Cir. 2015) (holding "the Fourth Amendment is not implicated" when there is probable cause for a misdemeanor "occurring outside the officer's presence"). In other words, it was reasonable for Appellants to believe that the open liquor bottle had recently contained liquor. The district court's contrary conclusion is unsupported by any case law applicable to these facts.

It was misguided for the district court and Appellees to hinge their analysis on whether the officers actually cited Appellees under the ordinance. QI is an objective standard; the officers' subjective intent or the ultimate disposition of charges is irrelevant. *United States v. Potts*, 459 F. App'x 455, 456 (5th Cir. 2012). The only question is whether a reasonable officer could have believed that "probable

---

[1] At the 2:51:25 to 2:51:30 mark of ROA.370, Officer Rose acknowledges that the whiskey bottle constitutes an "open container."

7

cause" existed "for *any crime*." *Voss v. Goode*, 954 F.3d 234, 238 (5th Cir. 2020) (emphasis added). The specific offense for which Appellees were cited, if any, is of no consequence. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (holding that because "an arresting officer's state of mind . . . is irrelevant to the existence of probable cause," there is "no basis in precedent or reason" to require an officer to justify an arrest with reasons given at the scene); *see also Sam v. Richard*, 887 F.3d 710, 715–16 (5th Cir. 2018) (holding that justifying an arrest by pointing to probable cause for the misdemeanor of crossing an interstate highway was permissible even if it was "only an after-the-fact justification for the arrest").

## CONCLUSION

For these reasons, and those stated in Appellants' opening brief, the district court's QI denial should be reversed. The officers are entitled to QI as a matter of law, and judgment should be rendered in their favor.

8

PD.56454492.1

Date: November 24, 2025

                        Respectfully submitted,

                        BY:   */s/ G. Todd Butler*
                              G. Todd Butler (MS Bar No. 102907)
                              Sonya C. Dickson (MS Bar No. 106284)
                              PHELPS DUNBAR LLP
                              1905 Community Bank Way | Suite 200
                              Flowood, Mississippi 39232
                              Telephone: (601) 352-2300
                              Facsimile: (601) 360-9777
                              Email:  butlert@phelps.com
                                              sonya.dickson@phelps.com

                        **ATTORNEYS FOR APPELLANTS**
                        **APRIL ROSE, HUNTER BRIDGES,**
                        **AND BEN JOHNSON**

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed on this 24th day of November, 2025 with the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record. A copy of this Brief will be mailed to the pro se Appellees at the following address:

Terrence Lee Wogan
Heather Lee Wilkes
3333 Keating Road
Pensacola, FL 32504

Respectfully submitted,

BY: /s/ G. Todd Butler
     G. Todd Butler

**ATTORNEY FOR APPELLANTS APRIL ROSE, HUNTER BRIDGES, AND BEN JOHNSON**

10
PD.56454492.1

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), it contains 1,907 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Times New Roman 14-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Times New Roman 12-point font.

Respectfully submitted,

BY: /s/ *G. Todd Butler*
     G. Todd Butler

**ATTORNEY FOR APPELLANTS APRIL ROSE, HUNTER BRIDGES, AND BEN JOHNSON**

Dated: November 24, 2025.